**Application of Dennis E. MEAD.**

**Patent Appeal No. 78–524.**

United States Court of Customs and Patent Appeals.

Feb. 7, 1978.

---

James M. Wetzel, John H. Moore, Cook, Wetzel & Egan, Ltd., Chicago, Ill., Richard G. Young, Beveridge, DeGrandi, Kline & Lunsford, Washington, D. C., for appellant.

Sol. U. S. Patent and Trademark Office, Washington, D. C., for Patent Office.

## ORDER

PER CURIAM.

Having considered appellant's MOTION TO SUPPLEMENT THE RECORD and EXTEND TIME TO FILE TRANSCRIPT, appellant's MEMORANDUM in support thereof, and the RESPONSE in opposition thereto by the Commissioner of Patents and Trademarks, in this appeal of a decision of the Board of Appeals (board) affirming the examiner's rejection of appellant's present reissue application—

The Court finds: (1) appellant seeks to supplement the record by insertion of his original Patent No. 3,667,590 and its file history, and reissue application serial No. 393,539 (now abandoned) and its file history; (2) though the motion does not so state, the materials sought to be inserted were a part of the "evidence produced before the Patent and Trademark Office," on which this Court is statutorily required to "hear and determine" this appeal. 35 U.S.C. § 144.

■ Though the Commissioner's RESPONSE states that the materials sought to be inserted were not "part of the record considered by the examiner or the board," these materials were required to be "carefully studied" by the examiner. MPEP 1401.09. As an integral element of the Patent and Trademark Office, the Board of Appeals has before it the "evidence produced before the Patent and Trademark Office." We are cited to no rule or procedure within the Patent and Trademark Office which would indicate that the board does not have before it all of the materials which had been before the examiner.

■ An orderly judicial process precludes this Court from resting a reversal or affirmance of the board's decision on materials not considered by the board. To determine, however, whether materials are so controlling as to have required board consideration, those materials must be presented to the Court. If the Court concludes certain "evidence produced before the Patent and Trademark Office" should have been considered by the board in the interest of justice, it would be necessary to remand the case for consideration of that evidence. We will not attribute to the board a desire to control the final result by an arbitrary

election to consider some materials and disregard others.

Though materials, which are by the PTO's own rules "evidence produced before the Patent and Trademark Office," are necessarily "before" the board, the responsibility for insuring that the board's attention is called to all materials of record that are necessary to decision on the issues presented remains unequivocally with appellant. Judicial and administrative economy require that clearly extraneous materials be deleted as issues are refined in the course of the appellate process.

A distinction must thus be made between: (1) presence in the record of specific materials, and (2) issues presented. Again, an orderly judicial process requires that review of an appealed decision be limited to consideration of issues raised below. Supplementation of the record does not open the door to new issues.

[4] At this initial stage, the precise issues raised below, and which of those issues will be presented on this appeal, are unknown to the Court. The present motion rests on allegations that appellant's "intent to claim" was the dispositive issue before the board, and that the materials sought to be inserted would be relevant on that issue. The Commissioner responds that the board disposed of that issue by reference to the present application alone, and that the materials sought to be inserted are both unnecessary and nonprobative. Resolution of these opposing contentions must await full consideration of the appeal. Hence, the present motion appears to involve the situation for which our rule 4.2(c) was designed.

It is, therefore, ordered that the MOTION TO SUPPLEMENT THE RECORD and EXTEND TIME TO FILE THE TRANSCRIPT is granted.