**BASF WYANDOTTE CORPORATION,**
Appellant,

v.

**POLYCHROME CORPORATION,**
Appellee.

**Appeal No. 78–619.**

United States Court of Customs
and Patent Appeals.

Nov. 20, 1978.

---

8. A motion to strike these portions was denied earlier.

9. 37 CFR 1.207; *In re Mead*, 569 F.2d 1128, 196 USPQ 811 (CCPA 1978).

W. M. Webner, Littlepage, Quaintance, Murphy, Richardson & Webner, Arlington, Va., for appellant.

Kenneth E. Macklin, White Plains, N. Y., for appellee.

Before MARKEY, Chief Judge, RICH, BALDWIN, LANE and MILLER, Judges.

## ORDER ON MOTION TO STRIKE

PER CURIAM.

■ Appellant has filed a MOTION TO STRIKE PORTIONS OF APPELLEE'S DESIGNATION OF PARTS OF RECORD FOR PRINTED TRANSCRIPT AND REQUEST FOR EXTENSION OF THE TIME FOR PRINTING THE RECORD in this appeal from a decision of the Patent and Trademark Office ("PTO") Trademark Trial and Appeal Board ("board"), dismissing appellant's opposition to appellee's trademark application. Appellant seeks to strike interrogatories 1–3, 10, 16, 27–30, and 33–34, appellee's (applicant's) answers to these interrogatories, and questions and answers Nos. 135–47 of the transcript of discovery deposition of David S. Davis. Although these items were in possession of the board when it considered and rendered its decision, they did not constitute "evidence produced before the Patent and Trademark Office" (15 U.S.C. § 1071(a)(4)), since a copy of these items *and* a notice of reliance thereon were not filed with the board. 37 CFR 2.120(a)(3) and (b).

■ While appellant's motion is couched in terms of striking items from the designation for the printed transcript, we treat it as also a motion to strike these items from the certified record, appellant having argued that these items should not be printed in the transcript, since they never became evidence of record.

■ The certified record ordinarily includes evidence that was in possession of the PTO (*see In re Hutton*, 568 F.2d 1355, 196 USPQ 676 (CCPA 1978)) and evidence which the PTO's own rules require it to consider (*In re Mead*, 569 F.2d 1128, 196 USPQ 811 (CCPA 1978)). However, the certified record does not include items that were never submitted with the intention of becoming evidence in the case. The pertinent Trademark Rules, 37 CFR 2.120(a)(3) [1] and (b),[2] provide that an item such as those in question shall not be considered as part of the record in the case unless the party offering such item files the same before the close of his testimony period *and also* files a notice of reliance thereon. Since neither party has filed a notice of reliance on the

---

1. 37 CFR 2.120(a)(3) relating to the use of discovery depositions states:

    A discovery deposition shall not be considered as part of the record in the case unless the party offering the deposition, or any part thereof, files the same before the close of his testimony period (testimony-in-chief or rebuttal as appropriate) and also files a notice of reliance thereon. A discovery deposition should not be filed in the Patent and Trademark Office in the absence of a notice of reliance. Objections, including any made during the examination, will be considered only if made or renewed at the hearing.

2. 37 CFR 2.120(b) relating to the use of admissions or answers to interrogatories states:

    No admission or answer to an interrogatory shall be considered as part of the record in the case unless the party propounding the request for admission or interrogatory files, before the close of his testimony period (testimony-in-chief or rebuttal, as appropriate), a copy of the admission and the request therefor and/or a copy of the interrogatory and its answer and also files a notice of reliance thereon.

interrogatories and answers or the discovery questions and answers which are the subject of this motion, these items cannot be part of the record.[3] Absent a notice of reliance, the board could not consider them in reaching its decision; hence, we cannot consider them on this appeal.

Although the interrogatories and answers and the Davis deposition are complete documents, taken before authorized persons and signed under oath,[4] their mere possession by the board does not place them in the record. Only those portions specified in a notice of reliance are in evidence and constitute a part of the record.

It is, therefore, ordered that interrogatories 1–3, 10, 16, 27–30, and 33–34, appellee's answers to these interrogatories, and questions and answers Nos. 135–47 of the transcript of discovery deposition of David S. Davis be stricken from the certified record and also from appellee's designation of parts of record for printed transcript; further, that appellant is granted thirty days from the date of this order to have the remainder of the designated transcript printed.

---

3. In *In re Hutton, supra*, the article in question was not only in the possession of the PTO, but appellant had requested that such article be considered by the Board of Appeals in arriving at a decision.

4. As required by Fed.R.Civ.P. 28, 30, and 33, and applied to proceedings before the board by 37 CFR 2.116(a) and 2.20.